IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | CHAPTER 7 |
| : | |
| TARA N. BEVIER : | BANKRUPTCY NO. 20-13785(MDC) |
| and KEVIN C. BEVIER : | |
| : | |
| Debtors : | |
| : | |

**OBJECTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AMENDED PROOF OF CLAIM NO. 9 FILED BY THE ESTATE OF MARY T. BEVIER**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Tara N. Bevier ("Mrs. Bevier") and Kevin C. Bevier ("Mr. Bevier", and together with Mrs. Bevier, the "Debtors"), by and through her counsel, Karalis PC, hereby objects (the "Objection") to Amended Proof of Claim No. 9 (the "Proof of Claim") filed by The Estate of Mary T. Bevier (the "Claimant") and in support thereof, respectfully avers as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. The statutory basis for the relief requested herein is Fed. R. Bankr. P. 3007 and Local Rule of Bankruptcy Procedure 3007-1.

3. The Trustee asserts that the instant Objection is the proper mechanism to dispute the Proof of Claim. An adversary proceeding is not required to contest a secured status asserted in a proof of claim. The validity of a lien may be determined in a proceeding other than an adversary proceeding. *See*, 10 COLLIER ON BANKRUPTCY & 7001.03 (16th ed. 2018); *In re Lengacher*, No. 12-12512, 2015 Bankr. LEXIS 4441 (Bankr. N.D. Ind. Dec. 1, 2015); *In re Gilchrist*, No. 10-02851-8-SWH, 2011 Bankr. LEXIS 101 (Bankr. E.D.N.C. Jan. 10, 2011); *In re*

*Blue Water Land Dev., LLC*, No. 08-00842-8-JRL, 2008 Bankr. LEXIS 4795 (Bankr. E.D.N.C. Oct. 21, 2008).

4.  Bankruptcy Rule 7001 does not apply to claim objections so long as the trustee does not include a demand for recovery of money or property in the objection. *See, e.g., In re America's Shopping Channel, Inc.*, 110 B.R. 5, 8 (Bankr. S.D. Cal.1990).

## BACKGROUND

**A.    Procedural Background.**

5.  On September 20, 2020 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

6.  On the Petition Date, the Trustee was appointed and is so acting.

**B.    Inheritance owed to the Bankruptcy Estate.**

7.  On May 8, 2019, Mr. Bevier's mother, Mary T. Bevier (the "Mother"), passed away.

8.  Mr. Bevier is a beneficiary of his mother's estate. The Mother's Last Will and Testament (the "Will") is attached hereto as Exhibit "A" and made a part hereof.

9.  Counsel to the Claimant advised the Trustee that Mr. Bevier's potential inheritance is approximately $67,000.00 (the "Inheritance"). The Inheritance Tax Return is attached hereto as Exhibit "B" and made a part hereof.[1]

10. The Inheritance is clearly property of Mr. Bevier's bankruptcy estate pursuant to 11 U.S.C. § 541(a).[2]

---

[1] Counsel to the Claimant advised the Trustee that the Inheritance Tax Return will be amended in the near future.
[2] Mr. Bevier has claimed an exemption in the Inheritance in the amount of $13,900.00 pursuant to 11 U.S.C. § 522(d)(5).

## C. The Proof of Claim.

11. On February 5, 2021, the Proof of Claim was filed. The Proof of Claim is attached hereto as Exhibit "C" and made a part hereof.

12. The Claimant asserts a secured claim in the amount of $58,625.00 based upon an alleged promissory note in the principal amount of $50,000.00 between the Mother and Mr. Bevier (the "Note"). *See*, Exhibit "C".

13. The Claimant asserts that the claim is secured on the Inheritance by a right of set-off pursuant to 11 U.S.C. § 553(a). *See*, Exhibit "C".

14. Essentially, the Claimant asserts that it can set-off Mr. Bevier's alleged obligations under the Note against the Inheritance.

## OBJECTION

15. The Trustee respectfully requests the entry of an Order sustaining the Objection and disallowing any potential set-off claims against the Inheritance.

16. The Trustee asserts that any obligation owed to the Claimant by the bankruptcy estate is a general unsecured claim.

17. The Trustee will determine the amount of the general unsecured obligation owed to the Claimant, if any, by conducting discovery in connection to the instant Objection.

## I. Legal Standard on an Objection to a Proof of Claim.

18. Pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See*, Fed. R. Bankr. P. 3001(f).

19. A proof of claim is deemed "allowed, unless a party in interest. . . objects." *See*, 11 U.S.C. § 502(a).

20. If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant then the proof of claim is *prima facie* valid." *See, In re Bennett*, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167,173 (3d. Cir. 1992)).

21. If a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." *See, In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

22. With regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue..." *See, In re Smith*, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

23. The Court of Appeals for the Third Circuit has summarized the parties' respective evidentiary burden in a contested matter involving an objection to a proof of claim:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim ... [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*See, In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74 (internal citations omitted). *See also, In re Whitfield*, 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017) (if the objector satisfies the initial burden of production and overcomes the claimant's *prima facie* case, the ultimate burden of proof rests with the claimant); *In re Sacko*, 394 B.R. 90, 97 (Bankr. E.D. Pa. 2008) (quoting *Allegheny* and collecting caselaw in accord therewith).

**II.    Legal Standard for a Set-off.**

24. Section 553(a) of the Bankruptcy Code provides, in relevant part, that:

> this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...

*See*, 11 U.S.C. § 553(a).

25. Setoff is an equitable doctrine that "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *See, Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913) ).

26. Although no federal right to setoff is created by the Bankruptcy Code, Section 553(a) of the Code preserves whatever right to setoff that may exist under applicable non-bankruptcy law. *See id.*

27. Moreover, Rule 69(a)(1) of the Federal Rules of Civil Procedure dictates that a federal court must utilize the judgment execution methods available under "the state where the court is located." *See*, Fed. R. Civ. P. 69(a)(1).

28. For purposes of this Objection, there is no dispute that Pennsylvania law is the applicable non-bankruptcy law. There is also no question that Pennsylvania has long recognized

5

a common law right to setoff. *See, Shenango Sys. Sols., Inc. v. Micro–Sys., Inc.*, 887 A.2d 772, 774 (Pa. Super. Ct. 2005). *See also, Pierce to Use of Snipes v. Kaseman*, 326 Pa. 280, 192 A. 105 (1937)).

29. "Section 553(a) recognizes and preserves rights of setoff where four (4) conditions exist: (1) The creditor holds a 'claim' against the debtor that arose before the commencement of the case; (2) The creditor owes a 'debt' to the debtor that also arose before the commencement of the case; (3) The claim and debt are 'mutual'; and (4) The claim and debt are each valid and enforceable." *See, e.g.*, 3 Collier on Bankruptcy ¶ 553.01[1]; *In re Czyzk*, 297 B.R. 406, 409 (Bankr. D. N.J. 2003); *In re APF Co.*, 264 B.R. 344, 354 (Bankr. Del. 2001).

30. In order to perfect a right to set-off, "the party asserting setoff rights must prove the debts between the creditor and the debtor are mutual." *See, In re Garden Ridge Corp.*, 386 Fed.Appx. 41, 43–44 (3d Cir. 2010) (*citing In re APF Co.*, 264 B.R. 344, 354 (Bankr. Del. 2001)); *In re Czyzk*, 297 B.R. 406, 409 (Bankr. D. N.J. 2003)).

31. "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." *See, In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54, 59 (3d Cir. 1990) (internal quotation marks and citation omitted).

32. "The burden of proof is on the party asserting the right to setoff." *See, e.g., In re Lason, Inc.*, 314 B.R. 296, 305 (Bankr. Del. 2004); *In re Bennett Funding Group, Inc.*, 212 B.R. 206, 212 (2nd Cir. BAP 1997).

33. Whether to allow setoff is a determination within the sound discretion of this Court. *See, e.g., In re Continental Airlines*, 218 B.R. 324, 328 (D. Del. 1997) (citing *United States, Internal Revenue Service v. Norton*, 717 F.2d 767, 772 (3d Cir. 1983)); *In re HAL, Inc.*, 196 B.R. 159, 161 (9th Cir. BAP 1996) ("Whether or not to allow setoff pursuant to § 553 is left to the sound

6

discretion of the bankruptcy court."); *In re Bangert*, 226 B.R. 892, 903 (Bankr. D. Mont. 1998).

34. Courts will not allow setoff, however, where doing so would offend the general principles of equity. *See, U.S. Bank, Nat'l Ass'n v. Rosenberg*, 581 B.R. 424, 426 (E.D. Pa. 2018).

### III. Applying these Strictures to the Case at Hand, Set-Off is not Permissible.

#### (1) Mutuality does not Exist.

35. There is no mutuality between Mr. Bevier and the Claimant.

36. As set forth herein, for debts to be mutual, they must be in the same right and between the same parties, standing in the same capacity. *See, Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d at 59.

37. For set-off purposes, the mutuality requirement is strictly construed. *See, In re Bennett Funding Group, Inc.*, 212 B.R. at 212; *In re Clemens*, 261 B.R. 602, 606 (Bankr. M.D. Pa. 2001).

38. Debts are not mutual if the parties acted in different capacities. *See, In re Warren*, 93 B.R. 710, 712 (Bankr. C.D. Cal. 1988) *citing In re Visiting Home Services, Inc.*, 643 F.2d 1356, 1360 (9th Cir.1981).

39. Thus, for example, where the debt of an entity arises from a fiduciary duty, or is in the nature of a trust, there is no mutuality. *See, In re Bob Richards Chrysler-Plymouth Corp., Inc.)*, 473 F.2d 262 (9th Cir.1973), *cert. denied*, 412 U.S. 919, 93 S.Ct. 2735, 37 L.Ed.2d 145 (1973).

40. In *Bob Richards*, the Ninth Circuit held that the setoff was improper as follows:

> Where the liability of one claiming a setoff arises from a fiduciary duty or is in the nature of a trust, the requisite mutuality of debts and credits does not exist. . . . The rationale of this rule is simply that the liability arising from a fiduciary duty is entirely independent of the debt owing from the bankrupt.

*See, Id.* at 265 (citations omitted). *See also, Matter of Esgro, Inc.*, 645 F.2d 794, 797 (9th Cir.

7

1981).

41. In the case at hand, the Claimant, allegedly through the executor, is asserting a set-off as a fiduciary of the Mother's decedent's estate.[3]

42. The Mother allegedly loaned money to Mr. Bevier pursuant to the Note. The Claimant did not loan any money to Mr. Bevier.

43. Quite simply, there is no mutuality between a decedent's estate and a debtor. *See, e.g., Warren*, 93 B.R. at 712.

### (2) Set-Off in this Case would be Contrary to the Provisions of the Bankruptcy Code.

44. As set forth herein, setoff is a determination within the sound discretion of this Court and should not be allowed where doing so would offend the general principles of equity. *See, In re Continental Airlines*, 218 B.R. at 328; *In re HAL, Inc.*, 196 B.R. at 161; *U.S. Bank, Nat'l Ass'n v. Rosenberg*, 581 B.R. at 426.

45. Set-off should not be permitted against an inheritance in a bankruptcy proceeding. *See, In re McKay*, 420 B.R. 871, 877 (Bankr. M.D. Fla. 2009); *In re Warren*, 93 B.R. at 712.

46. Set-off, even if the elements of Section 553(a) are present, is not allowable where it "would be contrary to the policy behind the Bankruptcy Code or if its effects will be inconsistent with the Bankruptcy Code provisions." *See, In re Banderas*, 236 B.R. 841, 848 (Bankr. M.D. Fla.1999). *See also, In re McKay*, 420 B.R. at 877.

47. The potential impact on creditors is relevant in a set-off analysis. *See, In re Warren*, 93 B.R. at 712; *In re McKay*, 420 B.R. at 877.

48. As stated by the Court in *Warren*:

Other creditors, however, have claims against this estate. If I lifted the automatic

---

[3] Upon information and belief, Richard Ryan Bevier, Mr. Bevier's brother, is the executor of the Will (the "Executor"). The Executor is a beneficiary of the Claimant and will gain financially if the set-off is allowed.

> stay and allowed the probate court to offset the Estate's claim against debtor, the Estate would obtain thereby a preference over other creditors. Section 553 is an exception to the general rule in bankruptcy that creditors are to be treated equally. An exception to this fundamental principle should be narrowly construed. In this case, a valid setoff does not exist. I see no persuasive equitable reasons why I should expand the scope of § 553 to encompass the Estate's claim or create an equitable remedy just to prefer the Estate over other creditors.

*See, In re Warren,* 93 B.R. at 712.

49. Allowing a set-off under the facts of this case would allow the Claimant "… to receive more than the Debtor's other general unsecured creditors and violate the fundamental bankruptcy principle of equal distribution to creditors." *See, In re McKay,* 420 B.R. at 877.

50. In the event that the Claimant holds any claim against Mr. Bevier's bankruptcy estate, it should be treated as a general unsecured claim and receive a *pro rata* distribution along with Mr. Bevier's other general unsecured creditors.

### (3) The Mother did not Intend for Set-off to Occur.

51. The Will contains no provision requiring Mr. Bevier to pay any alleged obligations under the Note prior to receiving the Inheritance.

52. The Mother could have included language in the Will requiring the set-off but she did not do so. *See, e.g., In re Marjorie Q. Ward Revocable Trust,* 265 P.3d 1260, 363 Mont. 72, 2011 MT 308 (Mont. 2011).

53. As stated by one Court about the holding in *In re Von Ruden,* 22 F.2d 860, 861 (D. Minn. 1927):

> The court in this case based its decision on the apparent lack of intent by the father to set off the son's debt. The court stated that the father had it within his power to charge their interests with debts by will, but he did not do so. It is a fair assumption that he intended them to take the interest the law gave them in his real estate without incumbrance.

*See,* In re Lott, 79 B.R. 869, 872 (Bankr. W.D. Mo. 1987).

54. In fact, the Will indicates that "No interest hereunder shall be assignable by the beneficiary or available to anyone having a claim against the beneficiary." *See*, Exhibit "A".

55. Quite simply, this language prevents any potential set-off by any creditor of Mr. Bevier including the Claimant.

56. It is important to note that the Note was executed on April 30, 2015 and the Will was executed on March 8, 2016. *See*, Exhibits "A" and "C".

57. As such, set-off should not be allowed in this case as it was not the Mother's intent.

## **RESERVATION OF RIGHTS**

58. The Trustee expressly reserves the right to amend, modify or supplement this Objection. Additionally, the Trustee expressly reserves the right to respond to any allegation or defense that may be raised in a response filed by or on behalf of the Claimant and further object to any claim for which the Claimant provides (or attempts to provide) additional documentation or substitution. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object to the Proof of Claim on any other grounds that bankruptcy or non-bankruptcy law permit and object to other claims other than the Proof of Claim.

## **NOTICE AND HEARING**

59. The Objection and Notice of the Objection, Response Deadline and Hearing Date have been served upon (i) the Office of the United States Trustee, (ii) counsel to the Claimant, and (iii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further or other notice need be provided.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) sustain the Objection and (b) grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:    /s/ Robert W. Seitzer
      ROBERT W. SEITZER
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: February 10, 2021