UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  TARA N. BEVIER and KEVIN BEVIER<br><br>Debtors | Case No.   2020-13785-MDC<br><br>Chapter 7 |

**MOTION OF THE ESTATE OF MARY T. BEVIER FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS WITH RESPECT TO A <u>PROMISSORY NOTE</u>**

The Estate of Mary T. Bevier (the "Estate" or "Movant"), by and through its counsel, the Danek Law Firm, LLC, hereby files its Motion for Relief from the Automatic Stay Response pursuant to 11 U.S.C. §362(d) and §553(a) to exercise its rights with respect to a Promissory Note in which the Debtor has failed to make any post-petition payments and Movant lacks adequate protection.  In support of this motion, the Estate respectfully represents as follows:

**I.      FACTUAL BACKGROUND**

1. On April 30, 2015, Mary T. BeVier loaned to Kevin BeVier (debtor herein) $50,000.00 as evidenced by a Promissory Note sealed by Kevin BeVier before a Notary Public. A true and correct copy of the Note is attached to the Estate's Amended Proof of Claim No. 9, attached hereto as Exhibit A.

2. Pursuant to the terms of the Note, "all installments shall become due and payable forthwith, at the option of the Holder, if any installment of principal or interest is not paid when due."  See, Note.

3. The Note further provides that if Kevin BeVier defaults on said payments and action is taken to recover any remaining balance, said Kevin BeVier shall be liable for the unpaid balance including interest together with reasonable sum for attorney fees.

4. On May 8, 2019, Mary T. Bevier passed away.

5. Mary T. Bevier's Last Will and Testament (dated March 18, 2016) (the "Will") named Kevin BeVier as one of three potential beneficiaries. Ryan BeVier (brother to Kevin) and Ashley BeVier (sister to Kevin) are the other two named beneficiaries. A true and correct copy of the Will is attached hereto as Exhibit B.

6. Section Five of the Will specifically prevents any beneficiary from assigning their interest under the Will to any creditor having a claim against the beneficiary.

7. Section Six of the Will provides that the Executor, Richard BeVier, can compromise claims and continue to conduct business on behalf of Mary T. BeVier in which she had an interest at her death – *in this case, collect a valid debt owed to Mary T. BeVier.*

8. Section Seven of the Will provides that all just taxes of the Estate must be paid from the Residue of the Estate prior to distribution to any beneficiary.

9. Like the other beneficiaries, Kevin BeVier only stands to receive any inheritance after all debts and funeral expenses are paid. See, Will at First Section.

10. Kevin BeVier stands to inherit 100% 0f any personal property that is available to be divided amongst the three beneficiaries together with only 45% of any residue of the Estate.

11. Although the administration of the Estate is not complete, it is believed that Kevin T. BeVier may receive approximately $67,000.00 in potential inheritance. No final accounting has been prepared by the Executor.

12. On September 20, 2020, Debtors herein filed their voluntary Chapter 7 Petition.

**II.    THE SECURED CLAIM**

13. On February 5, 2021, the Estate filed its Amended Proof of Claim asserting a claim of $58,625.00 based upon the Note. See, Amended Claim 9.

14. The Claim was filed as a secured claim pursuant to 11 U.S.C. §553(a) since it is

believed that Kevin BeVier's potential inheritance may be approximately $67,000.00.

15. Section 553(a) of the Bankruptcy Code provides:

> this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title [11 USCS §§ 101 et seq.] against a claim of such creditor against the debtor that arose before the commencement of the case...

16. In the present case, the Estate filed its claim as secured and subject to an offset.

17. On April 30, 2015, Kevin BeVier became obligated to repay to Mary T. BeVier the $50,000.00 borrowed from her pursuant to the terms of the Note.

18. On May 8, 2019, when Mary T. BeVier passed away, the Estate incurred the obligation to pay inheritance, if any, to Kevin BeVier pursuant to the terms of the Will.

19. Likewise, the Executor also incurred the responsibility to marshal all assets of the Estate to effectuate the terms of the Will, including the collection of the valid Note due and owing by Kevin BeVier.

20. A personal representative of an estate has a "duty to collect the assets of the estate, including any debts." *In re Estate of Andrews*, 2014 PA Super 110, 92 A.3d 1226 (Pa. Super. 2014), citing the following, including the quoted summaries: *In re Kurkowski's Estate*, 487 Pa. 295, 409 A.2d 357, 360-61 (Pa. 1979) ("A decedent's personal representative is under a duty to take custody of the estate and administer it in such a way as to preserve and protect the property for distribution to the proper persons within a reasonable time."); *In re Estate of Wallis*, 421 Pa. 104, 218 A.2d 732, 736 (Pa. 1966) ("primary duty" of estate's personal representative is "to marshal the assets and to liquidate and terminate as soon as possible"); 20 Pa.C.S. § 3311 ("A personal representative ... shall take possession of ... all the real and personal estate of the decedent ...")

21. Thus, pursuant to Section 553(a), where the debt owed by the Estate to Kevin BeVier (May 8, 2019) and the debt owed by Kevin BeVier to the Estate (April 30, 2015) **both** arose before the commencement of the case (September 20, 2020), there is mutuality for purposes of Bankruptcy Code Section 553(a)

    A.    **It Is Indisputable that Mutuality of Obligation Exists**

22. On April 30, 2015, Kevin BeVier signed under seal the Note promising to repay to Mary T. BeVier $50,000.00 "For Value Received."

23. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." *Chadwick Estate*, 1964 Pa. Dist. & Cnty. Dec. LEXIS 73, *3, 37 Pa. D. & C.2d 251, 253.[1]

24. Since this claim is based upon a negotiable promissory note under seal, "it partakes of all the perquisites of a sealed instrument." *Id*. Under relevant Pennsylvania law:

> a seal *imports* consideration. Such is not a mere presumption; the seal actually takes the place of proof of consideration and, in the absence of proven fraud, makes the tenor of the instrument enforceable without it. The defense of *want of consideration* is unavailable in an action on a sealed instrument.

*Id.* Emphasis in original. Internal citations omitted.

25. There is no presumption of repayment of the Note by Kevin BeVier to Mary T. BeVier as there has not been the lapse of twenty-years after the Note came due:

> The presumption of payment from lapse of time is merely a rule of evidence affecting the burden of proof. The true rule is that the presumption does not arise when there are circumstances that sufficiently account for the delay of the creditor in prosecuting

---

[1] The Chapter 7 Trustee does not appear to challenge the validity or authenticity of the Will or the Note in its Objection.

his claim.

See, *Burwell's Estate*, 91 Pa. Super. 183, 184-85 (1927) ("It was the duty of the accountant to include the note in his inventory of the assets of the estate unless it had been in fact paid").

26. The Note is a valid asset of the Estate.

27. The Estate is the claimant herein and is seeking to collect a valid debt owed to it by Kevin BeVier.

28. Pursuant to the terms of the Will and relevant Pennsylvania law, the Executor of the Estate, Ryan BeVier, must collect on that Note for the benefit of **all** beneficiaries.

29. Ryan BeVier (in his individual capacity) is not seeking to collect on the Note.

30. Accordingly, the Movant established its right to an offset pursuant to Bankruptcy Code Section 553(a).

### III. THE REQUESTED RELIEF

31. The exercise of a setoff right is enjoined by the automatic stay pursuant to Section 362(a)(7). Therefore, a creditor seeking to effectuate a setoff must move the bankruptcy court for relief from the automatic stay.

32. Pursuant to Section 362(d) of the Bankruptcy Code, the Court shall grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in property of the moving creditor. 11 U.S.C. § 362(d),

33. Courts in this circuit have routinely found that once a creditor establishes a right of setoff, such creditor has made a prima facie showing of cause under Section 362(d). *Holber v. Suffolk Constr. Co.*, 480 B.R. 576, 617 (Bankr. E.D. Pa. 2012) ("Courts generally recognize that, by establishing a right of setoff, the creditor has established a prima facie showing of 'cause' for relief from the automatic stay under § 362(d)(1)."); see also *In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2010).

34. Under § 362(d)(1) the automatic stay may be terminated, annulled, modified or conditioned for cause, including the lack of adequate protection of an interest in property of such party in interest.

35. "Adequate protection" as used in the new Bankruptcy Code was "derived" from the language in *In re Murel Holding Corp.*, 75 F.2d 941 (2d Cir. 1935):

> It is plain that 'adequate protection' must be completely compensatory; . . . . a creditor . . . . wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most indubitable equivalence.

*In re High Sky, Inc.*, 15 B.R. 332, 335 (Bankr. M.D. Pa. 1981) citations omitted.

36. Bankruptcy Code § 361 of the Code sets forth three (3) nonexclusive examples of what may constitute "adequate protection" of an interest in property:

> (1) periodic cash payments to the extent that the stay results in a decrease in the value of such interest,
>
> (2) an additional or replacement lien to the same extent, or
>
> (3) other relief as will result in the realization of the indubitable equivalent of such interest.

**A.     Cause for Relief from the Automatic Stay Exists**

37. As stated above, Movant herein has a secured claim pursuant to Bankruptcy Code Section 553(a).

38. Here, Debtor, Kevin BeVier, is in arrears for payments on the Note. To date, Debtor has not made any post-petition payments on the Note.

39. Given that Kevin BeVier is in arrears on his post-petition obligations to make payments to the Estate, the Estate's interest in any cash or other unencumbered property of the

Debtor is not adequately protected as required 11 U.S.C. §361.

40. The Debtor may receive a residuary inheritance from the Estate once it is fully administered, which residuary inheritance is subject to offset against the Note.

41. Accordingly, cause exists pursuant to 11 U.S.C. §362(d)(1) to lift the automatic stay to allow the Estate to exercise its rights with respect to the residuary inheritance so that it may apply those funds to Debtor's Note obligations owed by the Debtor to the Estate.

### IV.  CONCLUSION

WHEREFORE, for the reasons set forth herein, the Estate of Mary T. BeVier respectfully requests that the Court enter the Proposed Order, substantially in the form filed concurrently herewith, (i) granting the Estate relief from the automatic stay; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  February 19, 2021                    Respectfully Submitted,

The Danek Law Firm, LLC

/s/ *Mark S. Danek, Esquire*
Mark S. Danek, Esquire
PA ID # 84825
1255 Drummers Lane, Ste. 105
Wayne, PA 19087
484-344-5429
Attorney for Movant