IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| TARA N. BEVIER | : | BANKRUPTCY NO. 20-13785(MDC) |
| and KEVIN C. BEVIER | : | |
| | : | |
| **Debtors** | : | |
| | : | |

**MOTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, FOR ENTRY
OF AN ORDER COMPELLING RAYMOND JAMES FINANCIAL SERVICES, INC.
TO (I) TURNOVER PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542(a)
AND (II) PROVIDE AN ACCOUNTING PURSUANT TO 11 U.S.C. § 542(e)**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Tara N. Bevier ("Mrs. Bevier") and Kevin C. Bevier ("Mr. Bevier", and together with Mrs. Bevier, the "Debtors"), by and through her counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order compelling Raymond James Financial Services, Inc. ("Raymond James") to (i) turnover property of the estate pursuant to 11 U.S.C. § 542(a) and (ii) provide an accounting pursuant to 11 U.S.C. § 542(e) (the "Motion"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of the Debtors' Chapter 7 case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are §§ 542(a) and (e) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code").

## BACKGROUND

**A.    Procedural Background.**

4.    On September 20, 2020 (the "Petition Date"), the Debtors filed for protection under Chapter 7 of the Bankruptcy Code.

5.    On the Petition Date, the Trustee was appointed and is so acting.

**B.    Mr. Bevier's Beneficial Interest in an Individual Retirement Account.**

6.    On May 8, 2019, Mr. Bevier's mother, Mary T. Bevier, passed away.

7.    Prior to her death, Mary T. Bevier established an Individual Retirement Account with Raymond James at Account No. 54614762 (the "IRA").

8.    Mr. Bevier, Ashley Marie Bevier (Mr. Bevier's sister) and Richard Ryan Bevier (Mr. Bevier's brother) are the three (3) co-equal beneficiaries of the IRA.   Correspondence from Raymond James verifying these beneficial interests is attached hereto as Exhibit "A" and made a part hereof.

9.    Mr. Bevier's one-third interest in the IRA is property of the bankruptcy estate in accordance with 11 U.S.C. § 541(a).

10.    Despite demand, Raymond James has refused to turnover to the Trustee the bankruptcy estate's one-third interest in the IRA or provide any information about the IRA.

11.    The Trustee's Declaration in Support of this Motion is attached hereto as Exhibit "B" and made a part hereof.

## RELIEF REQUESTED

**I.    Turnover of Bankruptcy Estate's One-Third Interest in the IRA.**

12.    By this Motion, the Trustee seeks the entry of an order compelling Raymond James to turnover the bankruptcy estate's one-third interest in the IRA pursuant to 11 U.S.C. § 542(a).

13. As set forth herein, Mr. Bevier's one-third interest in the IRA is property of the bankruptcy estate.

14. Section 542(a) of the Bankruptcy Code gives a trustee the power to seek turnover of all property of a debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542(a).

15. Raymond James is in possession, custody, and/or control of the IRA.

16. The Trustee may use, sell, or lease the bankruptcy estate's one-third interest in the IRA under 11 U.S.C. § 363.

17. The bankruptcy estate's one-third interest in the IRA is valuable and beneficial to Mr. Bevier's bankruptcy estate.

18. Turnover of the bankruptcy estate's one-third interest in the IRA is appropriate pursuant to 11 U.S.C. § 542.

19. Accordingly, the bankruptcy estate's one-third interest in the IRA is property of the bankruptcy estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

## II. Request for an Accounting.

20. As there will likely be tax consequences associated with the turnover of the bankruptcy estate's one-third interest in the IRA, the Trustee requires all of the annual statements and tax documents for the IRA since its inception.

21. Section 542(e) of the Bankruptcy Code provides that the court "... may order an

attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." *See*, 11 U.S.C. § 542(e).

22.     As such, the Trustee respectfully requests the entry of an Order compelling Raymond James to provide to the Trustee all of the annual statements and tax documents for the IRA since its inception.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an Order (i) granting the relief requested herein and (ii) for such other relief as this Court deems just and proper.

                         **Respectfully submitted,**

                         **KARALIS PC**

                         By:     /s/ Robert W. Seitzer
                                ROBERT W. SEITZER
                                1900 Spruce Street
                                Philadelphia, PA 19103
                                (215) 546-4500
                                rseitzer@karalislaw.com

                         *Attorneys for the Trustee*

Dated: February 10, 2022